ELECTRONICALLY FILED - 2025 Jan 30 2:31 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800121

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Darrell Bryant,<br><br>    Plaintiff,<br><br>vs.<br><br>Ashley Morgan Jones and Gray Local Media, Inc.,<br><br>    Defendant. | IN THE COURT OF COMMON PLEAS<br><br>FOR THE FIRST JUDICIAL CIRCUIT<br><br>Civil Action No. 2025-CP-38-_____<br><br><br><br>**SUMMONS** |

TO THE DEFENDANTS ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on the subscribers at their office at 3 Morris Street, Suite A, Charleston, SC 29403, within thirty days of the service hereof, exclusive of the day of such service. If you fail to answer Complaint within this time, the Plaintiff will move for entry of Default Judgment and apply to the Court for the relief sought therein.

                **McLEOD LAW GROUP, LLC**
                3 Morris Street, Suite A
                Charleston, SC 29403
                Tel: 843-277-6655
                Fax: 843-277-6660

                *s/ Nicholas A. Charles*
                H. Cooper Wilson, III (74939)
                cooper@mcleod-lawgroup.com
                Nicholas A. Charles (101693)
                nick@mcleod-lawgroup.com

January 30, 2025

Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Jan 30 2:31 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800121

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA<br><br>COUNTY OF ORANGEBURG<br><br>Darrell Bryant,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Ashley Morgan Jones and Gray Local Media, Inc.,<br><br>　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br><br>FOR THE FIRST JUDICIAL CIRCUIT<br><br>Civil Action No. 2025-CP-38-_____<br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

　　　　Plaintiff Darrell Bryant, by and through his undersigned attorneys, would allege and show unto the Court the following:

### JURISDICTION AND VENUE

　　　　1.　　Plaintiff Darrell Bryant is a citizen and resident of Orangeburg County, South Carolina.

　　　　2.　　At the time of the incident alleged herein, Defendant Ashley Morgan Jones was a citizen and resident of Columbia, South Carolina. At all relevant times, Defendant Jones was an employee of Defendant Gray Local Media, Inc. ("Gray Media") and was working as a reporter for the Columbia television station WIS, which is owned by Gray Media.

　　　　3.　　Defendant Gray Local Media, Inc. is a corporation organized under Delaware law that is licensed to transact business in South Carolina. At all relevant times, Defendant Gray Media was Defendant Jones's employer and was the owner of the Columbia television station WIS.

　　　　4.　　This suit arises out of an automobile collision that occurred on April 22, 2023, on U.S. 21 in Orangeburg, South Carolina.

5. This Court has subject matter jurisdiction over Plaintiff's claims and personal jurisdiction over the parties.

6. Venue is proper in Orangeburg County pursuant to S.C. Code Ann. § 15-7-30 because the most substantial part of the acts or omissions giving rise to the cause of action occurred in Orangeburg County.

**FACTUAL BACKGROUND**

7. On the morning of April 22, 2023, Plaintiff was a rear passenger of a vehicle traveling north on U.S. 21 in the left-hand lane in Orangeburg, South Carolina.

8. Defendant Jones was also driving north on U.S. 21 in the right-hand lane at that time. Defendant Jones made an improper lane change at a high rate of speed and struck the passenger side of the vehicle in which Plaintiff was riding.

9. At the time of the collision, Defendant Jones was working as a reporter for WIS—which is owned by Defendant Jones's employer, Defendant Gray Media—and was driving a WIS vehicle.

10. At all relevant times, Defendant Jones was acting within the course and scope of her employment with Defendant Gray Media.

11. As a result of Defendant Jones's negligent and reckless actions, Plaintiff suffered severe injuries, including but not limited to a injuries to his knees and back.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Negligence Per Se/Gross Negligence/Recklessness against Defendant Jones)**

12. Plaintiff realleges and reincorporates the preceding paragraphs as if set forth herein verbatim.

13. At all relevant times, Defendant owed a duty of care to Plaintiff and other motorists and passengers to exercise the caution a reasonable person would have used under the

2

circumstances, including the duty to operate her vehicle with due care and in compliance with the statutory and common law of South Carolina.

14. At all relevant times, Plaintiff acted in a reasonable, prudent, and careful manner.

15. Defendant breached her duties of care to Plaintiff and was negligent, grossly negligent, reckless, careless, willful, and wanton in the following particulars, each of which were the direct, foreseeable, and proximate cause of Plaintiff's injuries:

    a. Driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

    b. Speeding and/or traveling too fast for conditions in violation of S.C. Code Ann. § 56-5-1520;

    c. Failing to use due care;

    d. Failing to maintain a proper lookout;

    e. Failing to maintain proper control of the vehicle she was operating;

    f. Failing to properly or timely apply her brakes;

    g. Failing to take reasonable measures to avoid colling with the vehicle in which Plaintiff was riding;

    h. Operating her vehicle while distracted;

    i. Making an improper lane change in violation of S.C. Code Ann. § 56-5-1900;

    j. Failing to exercise the degree of care and caution that a reasonably prudent driver would have exercised under the same or similar circumstances;

    k. Violating various laws, statutes, codes, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by Defendant's conduct and constituting negligence per se, recklessness, and subjecting Defendant to punitive damages; and

    l. In such other and further manner as the evidence revealed through discovery or trial may show.

16.     As a direct, foreseeable, and proximate cause of the negligent, grossly negligent, negligent per se, reckless, willful, and wanton acts or omissions of Defendant Jones, Plaintiff was seriously injured, sought medical treatment, suffered and continues to suffer physical pain and suffering, mental anguish, emotional distress, impairment of health, loss of sleep, inability to concentrate, loss of enjoyment of life, shock and injury to Plaintiff's nerves and nervous system, increased susceptibility to future injury, medical expenses, expenses for transportation to and from medical services, loss of income, future medical care and costs, and such other and further injuries and damages as the evidence may reveal.

17.     Plaintiff is entitled to judgment against Defendant for Plaintiff's injuries and damages described above, and for actual and punitive damages to be determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Vicarious Liability/Respondeat Superior against Defendant Gray Local Media, Inc.)**

18.     Plaintiff realleges and reincorporates the preceding paragraphs as if set forth herein verbatim.

19.     At all relevant times, Defendant Jones was acting in the course and scope of her employment as an employee of Defendant Gray Media.

20.     At all relevant times, Defendant Gray Media exercised control over the conduct of Defendant Jones and had the right to control the manner and method of Defendant Jones's work.

21.     Defendant Jones was at all relevant times acting while in the service of Defendant Gray Media and in furtherance of Defendant Gray Media's business, and Defendant Gray Media is therefore legally responsible for the acts or omissions committed by Defendant Jones which proximately caused Plaintiff's injuries.

22. Plaintiff is entitled to judgment against Defendant Gray Media for his damages described above, and for actual and punitive damages to be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount to be determined at the trial of this case, for actual and punitive damages, attorneys' fees and costs, and such further relief as the Court deems reasonable and just.

**McLEOD LAW GROUP, LLC**
3 Morris Street, Suite A
Charleston, SC 29403
Tel: 843-277-6655
Fax: 843-277-6660

*s/ Nicholas A. Charles*
H. Cooper Wilson, III (74939)
cooper@mcleod-lawgroup.com
Nicholas A. Charles (101693)
nick@mcleod-lawgroup.com

January 30, 2025

Charleston, South Carolina